**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANDREW BLAIR BAILIE,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No. 1:26-cv-04254

Judge Andrea R. Wood

Magistrate Judge Jeannice W. Appenteng

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO**
**THE COURT'S ORDER [15]**

**I. INTRODUCTION**

Pursuant to the Court's order at [15], Plaintiff Andrew Blair Bailie ("Bailie" or "Plaintiff") submits this Supplemental Brief addressing *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026), and whether the electronic service Plaintiff requested in its *ex parte* motion [11] is permitted, consistent with the Hague Service Convention.

*Kangol* does not foreclose the requested relief. It requires the Court first to decide whether the Convention applies. The Hague Convention does not apply "where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. Plaintiff therefore investigated each seller address, as described in the accompanying Declaration of Yanling Jiang ("Jiang Decl.") and its Exhibits A–B. Plaintiff took the address each platform states for the seller, searched that address on four public resources (Google, Google Maps, Baidu Maps, and Amap), and checked each seller against the PRC

government business registry Tianyancha (天眼查). The results divide the Defendants into two groups::

- For **twenty-seven Defendants**, Nos. 1-3 and 5-28 (all except Defendant No. 4), the stated address cannot be verified as a real location connected to the Defendant. For Nos. 3, 6, and 12 in particular, Plaintiff identified a matching business in the PRC government business registry Tianyancha (天眼查); however, each of the stated seller address does not match the entity's

  registered address. For these twenty-seven Defendants, the address is not known, the Convention does not apply, and email/electronic-publication service under Federal Rule of Civil Procedure 4(f)(3) is available.

- For **Defendant No. 4**, the same investigation produced a registered, active entity, an identifiable legal representative, and a registered address that matches the platform address and that the maps independently confirm. As to Defendant No. 4 the address is known, the Convention applies, and Plaintiff will serve through the PRC Central Authority and requests email service only as a backup should that request not execute.

## II. LEGAL STANDARD

In *Kangol*, the Seventh Circuit held that the Hague Convention provides the exclusive means of service where it applies and prohibits email service in China in that circumstance, but that a court must first decide the threshold question whether the Convention applies at all. *Kangol*, 2026 WL 1502198, at *5–6. The Convention "shall not apply where the address of the person to be served with the document is not known." Hague art. 1, 20 U.S.T. at 362. Where the address is not known, the Convention's exclusivity is never triggered and Rule 4(f)(3) service, including email and electronic publication, remains available in the court's discretion. Where the address is

known, the Convention applies. To show that an address is not known, a plaintiff must make reasonably diligent efforts to ascertain and verify it. *NBA Props., Inc. v. Partnerships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), *aff'd sub nom. NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). Plaintiff applies that standard for each of the defendants in this case.

## III. PLAINTIFF'S PER-DEFENDANT DILIGENCE

For each Defendant, Plaintiff's counsel took the business address stated on the platform's own seller-information page (Amazon "Detailed Seller Information," or the last-captured Temu seller page for Nos. 27–28), searched that address on Google, Google Maps, Baidu Maps, and Amap, and checked each seller against the Tianyancha PRC business registry. Jiang Decl. ¶¶ 3–6 & Exs. A–B.

### A. The twenty-seven email-service Defendants (Nos. 1–3, 5–28): address not known.

For these Defendants the stated address did not verify on any of the four map resources. The stated address did not resolve at all, resolved only to a district/township/village, returned unrelated establishments, or resolved to an "office-only" (仅限办公) or shared-workstation (工位) registration rather than the Defendant's premises. Jiang Decl. ¶ 5 & Ex. A. Twenty-four of these Defendants return no registered entity in Tianyancha at all. *Id.* ¶ 6 & Ex. B. For the remaining three, Nos. 3, 6, and 12, a registered entity does appear, but its registered address is in a different city or province than the address the platform states (No. 6 in a different province entirely), and the platform address the Defendant supplied still did not verify on any map. *Id.* The address for these three Defendants, then, is still not known, as there is no serviceable address connected to the Defendant. As to all twenty-seven, the address is not known, the Convention is inapplicable under Article 1, and Rule 4(f)(3) authorizes the requested email and electronic-publication service.

**B. Defendant No. 4: address known; the Convention applies.**

For Defendant No. 4 the investigation produced the opposite result. Tianyancha shows that the seller identified as "合肥间适段电子商务有限公司" is the registered, active entity 合肥普利特数控科技有限公司 (USCC 91340111MAD1E2898U; legal representative 罗小超), whose registered address, 安徽省合肥市包河区马鞍山路130号万达广场写字楼7号楼403室, is the very address the platform states, and which Google Maps and Baidu Maps independently locate. Jiang Decl. ¶¶ 5–6 & Exs. A–B. As to Defendant No. 4 the address is known and the Hague Convention applies. Accordingly, Plaintiff will effect service through the PRC Central Authority, directed to 合肥普利特数控科技有限公司 (and its legal representative) at the registered address. Because a Central Authority request may not execute within a reasonable time, Plaintiff requests, in the alternative and as a backup, leave to serve Defendant No. 4 by email and electronic publication under Rule 4(f)(3) should that occur.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Find that the Hague Convention does not apply as to Defendant Nos. Nos. 1–3 and 5–28 because their addresses are not known and authorize service by email and/or electronic publication under Federal Rule of Civil Procedure 4(f)(3);

2. Authorize Plaintiff to serve Defendant No. 4 through the PRC Central Authority, and also authorize email service under Rule 4(f)(3) as a backup in the event a Central Authority request does not produce executed service within a reasonable time set by the Court;

3. Grant Plaintiff's motion [11] for leave to conduct the expedited discovery; and

4. Grant such further relief as the Court deems just.

DATED:  July 13, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail:  keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**