**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ANDREW BLAIR BAILIE,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No. 1:26-cv-04254

Judge Andrea R. Wood

Magistrate Judge Jeannice W. Appenteng

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, of counsel for Plaintiff Andrew Blair Bailie in this action. I am admitted to practice law in the States of Illinois. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services (Baidu Maps and Amap). I make this Declaration in support of Plaintiff's Supplemental Brief filed in response to the Court's order at [15].

2. The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362.

3. **Address ascertained.** For each of the twenty-eight Defendants, I began with the address the platform states for the seller. For the twenty-six Amazon Defendants (Nos. 1–26), Amazon's "Detailed Seller Information" states a Business Name and a Business Address; for the two Temu Defendants (Nos. 27–28), whose seller pages are no longer available, I used the last address captured from the Temu seller page. The stated address for each Defendant is set out in Exhibit A.

4. **Address searched.** For each Defendant, the stated address was searched on four independent, publicly available resources: a Google web search, Google Maps, Baidu Maps (百度地图), and Amap (高德地图). A screenshot of each search was captured. The mechanical searching and screen-capture was performed by me or by a research associate working under my direction and supervision; but I personally examined every capture, and I personally read and interpreted the Chinese-language search results. I am able to do so as a native reader and writer of Chinese who is familiar with Chinese-language mapping services and with the way Chinese addresses are structured. The five captures per Defendant (the source seller-information page plus the four searches) are collected, by Defendant, in Exhibit A.

5. **Map results.** Reading and interpreting the Chinese-language map results myself, I determined that for twenty-seven of the twenty-eight Defendants — all except Defendant No. 4 — the searches did not verify the stated address as a real, current location connected to the Defendant. For each of those Defendants the searches either (a) did not locate the stated address at all; (b) resolved only to a broad district, township, or village rather than the stated street and unit; (c) returned different, unrelated establishments (including government offices, residential

compounds, a logistics-yard parking space, and unrelated shops); or (d) showed the stated unit to be an "office-only" (仅限办公) registration or a shared workstation (工位) rather than the Defendant's own premises. The specific result for each Defendant is stated in Exhibit A. For Defendant No. 4 alone, the searches did resolve the stated address: Google Maps and Baidu Maps both located "万达广场写字楼7号楼" (Wanda Plaza Office Building No. 7) at the stated street address in Hefei, as addressed in paragraph 6.

6. **PRC business-registry check.** I personally checked the twenty-eight sellers against the Tianyancha (天眼查) PRC business-registry database and read the Chinese-language registry records myself; the results are compiled in Exhibit B. Twenty-four returned no matching registered entity. Four returned a match:

- **Defendant No. 4** (identified as "合肥间适段电子商务有限公司") corresponds to the registered, active entity 合肥普利特数控科技有限公司 (Unified Social Credit Code 91340111MAD1E2898U; legal representative 罗小超), for which "合肥间适段电子商务有限公司" is a former name of the same registered entity. That entity's registered address is 安徽省合肥市包河区马鞍山路130号万达广场写字楼7号楼403室, the same address the platform states, and the address Google Maps and Baidu Maps independently located (¶ 5). As to Defendant No. 4, therefore, a registered entity, an identifiable legal representative, and a verifiable registered address all exist. I do not represent that Defendant No. 4's address is unknown.

- **Defendants No. 3, No. 6, and No. 12** each correspond to a registered entity, but at a registered address different from the address stated on the platform: No. 3 (畔轩(金华市)电子商务有限公司) is registered in 义乌市 (not the platform's 温州市苍南县);

No. 6 (株洲市石峰区湘莲文化有限公司) is registered in 湖南省株洲市 (a different province from the platform's 重庆市); and No. 12 (金华市淑徽服饰有限公司) is registered in 义乌市 (not the platform's 温州市瑞安市). For each of these three, the address the platform states — the address a servicer would use — did not verify on any of the four map resources (¶ 5) and does not match the entity's registered address. The address the Defendant supplied is therefore not a known, serviceable address connected to that Defendant.

7. **Conclusion.** As to the twenty-seven Defendants other than No. 4 (Nos. 1–3 and 5–28), the address is not known within the meaning of Article 1: for twenty-four there is no ascertainable registered entity and the stated address does not verify, and for Nos. 3, 6, and 12 the stated address neither verifies nor matches the entity's registered address. As to Defendant No. 4, the address is known and the Hague Convention applies. Plaintiff will serve Defendant No. 4 through the PRC Central Authority, directed to 合肥普利特数控科技有限公司 (and its legal representative 罗小超) at the registered address, while requesting leave to serve No. 4 by email under Rule 4(f)(3) as a backup should a Central Authority request not produce executed service within a reasonable time.

8. Exhibit A is a true and correct compilation of the seller-information pages and the Google, Google Maps, Baidu, and Amap search captures described above. Exhibit B is a true and correct compilation of the Tianyancha registry-check results described above. Both were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 13, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
Counsel for Plaintiff